## Dreyfuss, Weil & Company v. J. W. Jones.

1. CHAMPERTOUS CONTRACT—*effect of making, upon right of compensation.* An attorney at law is not entitled to recover any fees for services rendered in connection with the prosecution of a matter after he has made a champertous contract with respect thereto, but he is entitled to recover upon a *quantum meruit* for all services rendered in such matter up to the time of the making of such contract.

Proceeding for injunction. Appeal from the Circuit Court of Hamilton County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

R. R. BARNETT, for appellants.

WEBB & LANE, A. M. WILSON and J. S. SNEED, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellants, composing the firm of Dreyfuss, Weil & Co., filed their bill in chancery against appellee in the Circuit

Court of Hamilton county, alleging that on September 10, 1901, they employed appellee, an attorney of McLeansboro, Illinois, to collect a debt due them from George W. James of the same place, amounting to $377.73; that appellants agreed to pay appellee the usual and customary fees for his services in collecting said debt, and appellee accepted employment upon such terms; that by reason of certain false representations made to them by appellee, they became alarmed concerning the condition of their claim, and made a proposition to appellee to allow him fifty per cent of said claim as compensation for services in collecting the same, but that appellee demanded the sum of sixty-five per cent of said judgment, to which demand appellants, not being truthfully advised by appellee, consented and gave appellee a writing obligatory to that effect in accordance with the terms of his demand, on February 8, 1902; that on March 3, 1903, appellants learned that appellee had been and was claiming that he was the owner of a judgment entered on said claim in the County Court of Hamilton county on January 14, 1902, in favor of appellants; that appellants becoming satisfied, after investigation, that direct fraud had been practiced upon them by appellee, and that he was suppressing from them the true facts concerning their claim against James, wrote appellee on April 8, 1903, asking a statement of his account for fees for services already rendered and discharging him from their employment; that appellee soon after receiving notice of his discharge, declared that he owned the judgment against James and if appellants made any noise about it, he would go to the clerk's office, satisfy the judgment of record and beat appellants out of every cent of it; that appellants are afraid he will carry his threats into execution or attempt to prevent them from obtaining the amount due them on said judgment from said James. The prayer of the bill was that appellants be permitted to proceed to collect said judgment and receive the proceeds thereof, undisturbed by the claims of ownership of appellee; that appellee be prevented and restrained from demanding, receiving or col-

lecting said judgment until the further order of the court, and that upon a final hearing such injunction be made perpetual. Afterwards an amendment to said bill was filed in which it was alleged that said contract between appellants and appellee was champertous and unlawful, for the reason that it was provided thereby that appellee was to pay all expenses and costs of any suit at law or equity in the collection of the same; that after appellee had obtained said contract he joined with another party in filing a creditor's bill against James and others, in which he alleged that said judgment had been assigned to him in writing by appellants, for good and valuable consideration, and that he was owner thereof, and that appellee obtained a decree of the court in said cause, finding he was the owner of said judgment; that appellants were made to believe that their debt against James was desperate and uncollectable, by the fraudulent misrepresentations and the withholding of material facts from them by appellee, and were thereby induced and influenced to accede to the demand of appellee, that they enter into said champertous and unlawful contract giving him sixty-five per cent of their said demand for his services in collecting the same. Appellants by said amendment also offered and tendered to appellee, and declared themselves ready to pay him, if anything was due him for his services in the premises, the usual and customary charges in such cases.

Appellee answered the bill of complaint, admitting he was employed by appellants to collect the claim against James and that he took certain steps in connection with his employment; stating that appellants proposed to sell him the judgment he had obtained for them against James for fifty per cent of what he might be able collect on the same, but he refused said proposition, and afterwards an agreement was entered into between them by which in consideration of the waiver by appellee of all demands for the payment of the fee then due and payable to him for services theretofore rendered in said case, and the promise to pay an amount equal to sixty-five per cent of what he

might be able to get out of said judgment, appellants assigned the judgment to him so that he then became and still is the owner thereof. The answer also denied the material allegations in the bill charging champerty and fraud.

Replication was filed and upon the trial the court found that the allegations in appellants' bill charging appellee with fraud were not sustained, but that the contract for the assignment of said judgment was champertous, unlawful, void and inoperative. It was therefore decreed that appellants were the owners of said judgment and a certain certificate of sale made by the sheriff on the sale of certain real estate sold by the sheriff as the property of James; that appellee be enjoined from claiming any interest therein; that appellants pay appellee $175 in forty days and that upon such payment being made, said injunction become perpetual; that upon the payment of said sum to appellee, he should have no further interest or claim upon said judgment or certificate of purchase, but that if said payment be not made in forty days the injunction be dissolved; and that appellants pay the costs of the proceeding.

The court having found the contract to be champertous and void and granted the injunction and other relief sought for by complainants in their bill upon that ground, it is not necessary for us to consider the question of fraud, to which so much attention is devoted by the respective parties in their briefs; and as appellee filed no cross-errors and states in his bill he is satisfied with the decree of the court on the question of champerty, the decree on that question must be considered as final against him.

The questions therefore presented to us by the record are whether the court below erred in decreeing the injunction should not be made perpetual unless appellants pay appellee $175 within the time fixed, and that appellants pay the costs of the proceeding.

The provision in the decree that appellants should pay appellee $175 as a consideration precedent to their obtaining the relief sought, was, as appears from the record, based upon the theory that though the contract between

the parties was void, appellee was entitled to recover for his services upon a *quantum meruit*, and evidence was introduced by appellee tending to show that the fee of $175 was a reasonable one for all the services rendered appellants by him in connection with the James debt. As the contract between the parties for fees was held to be champertous and void, we are of opinion appellee was not entitled to recover any fees for services rendered in connection with the James debt after that contract was made, but that he was entitled to recover upon a *quantum meruit* for his services up to the time of making the contract. Bishop's Criminal Law, 7th ed., vol. 2, par. 132; Chitty on Contracts, page 676, note 2; Thurston v. Percival, 1 Pick. 415. In the case of Thurston v. Percival, *supra*, the plaintiff, an attorney of Massachusetts, after rendering some services in a suit brought by the defendant, entered into a further contract in writing concerning his fees, which was champertous, and it was held by the court that while the agreement was void, the plaintiff might recover upon a *quantum meruit* for his services up to the time of making the agreement, it being said by the court : "Though the contract offered in evidence is void, we do not think it can deprive the plaintiff of his just compensation for the services performed before it was executed. If it is void for one party it must be for the other also, and it would be altogether unjust that the defendant, insisting upon its legality, should set it up in discharge of a debt honestly due. The plaintiff therefore must have judgment on that finding of the jury which fixes the amount for services before the written contract was made." It is insisted by appellants that appellee is not entitled to recover here for any services he may have rendered appellants for the reason that he has filed no cross-bill and that affirmative relief cannot be granted on his answer alone; but that rule is not applicable in this case for the reason that appellants in their bill offered to pay appellee "if anything is due him for his services in the premises, the usual and customary charges in such cases." As appellants' bill was sustained

and they obtained the relief prayed for by them upon the conditions named in the decree, the court should not have decreed that they pay all the costs of the proceeding. The decree will be reversed and the cause remanded for further proceedings in accordance with the views above expressed.

*Reversed and remanded.*